RABKIN, Plaintiff-Appellant, v CALHOUN, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 4032. Decided January 28, 1948.

B. B. Friedman, Columbus, for plaintiff-appellant.
L. P. Henderson, Columbus, for defendant-appellee.

## OPINION

By WISEMAN, PJ.

This is an appeal from the judgment of the Common Pleas Court of Franklin County, Ohio, reversing a judgment of the Municipal Court of Columbus in favor of the plaintiff for $200.00 as broker's commission for the sale of defendant's property.

The contract of employment was oral and there is conflict in the testimony as to its terms. However, the plaintiff did take a prospective purchaser, one Claude Thompson, to view the property who testified that the plaintiff priced the property at $4250.00. Thompson and his wife testified that he told the plaintiff the price was too high and that he would not buy the property, requesting that they be shown another property, whereupon the plaintiff became angry and stated, "You don't want no house no how", and slammed the door of the auto in which Thompson was sitting and walked away. This incident occurred in January or the early part of February, 1945. The plaintiff had no further contact with Thompson, took no prospective purchasers to the property, made no further effort to sell the property or secure another prospective purchaser. About two months later Thompson learned from another source of a house for sale at a certain number on East Fulton Street. When he went to look at the house he observed that it was the same house shown to him by the plaintiff. He subsequently purchased the property for $4000.00 through direct negotiations with the defendant. About four

months later plaintiff learned of the sale when he passed the property and observed Thompson on the porch.

A real estate broker is not entitled to recover commission unless he proves by preponderance of the evidence that he was the procuring cause of the sale. **6 O. Jur. 211; 8 Am. Jur. 1087; 12 C. J. S. 207.** The employment contract was not in writing and its terms are in dispute. The defendant contends that it was agreed that he was to net $4000.00 for the property and that the plaintiff would be required to get his commission on the amount of the sale price over and above $4000.00. This was disputed by the plaintiff. Whatever the employment contract may have been between the parties it was terminated and abandoned by the act of the plaintiff before the sale was consummated. From the testimony of Thompson and his wife which is supported by the testimony of the plaintiff, it clearly appears that when Thompson refused to purchase the property for $4250.00 the plaintiff not only terminated his relationship with Thompson, but abandoned his employment with the defendant.

Where the broker abandons his employment entirely and all negotiations are broken off, the broker is not entitled to a commission if his employer subsequently through his own efforts consummates a sale with the same purchaser. The fact that a real estate broker finds a purchaser with whom the owner later consummates a sale without the aid of the broker does not give him a right to a commission unless he was the procuring cause of the sale. **6 O. Jur. 228, 229; 8 Am. Jur. 1069, 1102; 12 C. J. S. 215, 217.** There is no substantial evidence to show that the plaintiff was the procuring cause of the sale.

The gist of the contention of the appellant in his assignments of error is that the judgment of the Common Pleas Court is contrary to law. We cannot so find. The judgment of the Common Pleas Court reversing the judgment of the Municipal Court of Columbus is affirmed.

MILLER and HORNBECK, JJ, concur.